## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| THE CITY OF BUFFALO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-00066-FPG |
| vs. | ) | |
| | ) | Honorable Frank P. Geraci, Jr. |
| SMITH & WESSON BRANDS, INC.; et al., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION TO CONSLIDATE

### Introduction

Plaintiff, the City of Buffalo, respectfully submits this memorandum in response to Defendants' motion (ECF No. 109) to consolidate this case with *The City of Rochester v. Smith & Wesson Brands, Inc., et al.*, Case No. 6:23-cv-06061-FPG.

### Analysis

Both the City of Buffalo (through this filing) and the City of Rochester (through its parallel filing today) concur that the cases should be consolidated pursuant to Fed. R. Civ. P. 42(a)(2), which provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Defendants are correct that the complaints in these cases, filed a day apart by the same law firm, asserting identical causes of action against identical

defendants (except for one additional defendant named by Rochester), and pending before the same judge, present circumstances obviously warranting consolidation.

The Plaintiffs in these cases differ from Defendants, however, concerning the *scope* of the consolidation warranted in these circumstances. Defendants request that the cases be consolidated only "for pre-trial purposes," and they suggest that "whether the cases should be consolidated for purposes of trial can be deferred and only decided in the unlikely event that the cases proceed to that stage." Def. Mem. at 1-2 & n.1.

Defendants have it backwards. Rule 42(a) is not a rule governing pretrial procedures. Its purpose is to "empower[] a trial judge to consolidate actions *for trial* when there are common questions of law or fact or avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (emphasis added). As the Second Circuit noted in *Johnson*, "[c]onsolidation of tort actions sharing common questions of law and fact is commonplace," with district judges granted "broad discretion to determine whether consolidation is appropriate." *Id*. *Johnson*, for example, upheld consolidation of lawsuits that were ultimately tried together, brought by two workers exposed to asbestos at the same job site, even though their years of exposure did not overlap, and one was alive and the other deceased. *Id*. at 1285.

Consolidation for *all* purposes of two cases that are identical except for the specific damages suffered by each plaintiff is what should occur in the ordinary course. As Judge Rubin observed in *Miller v. United States Postal Service*, 729 F.2d

1033 (5th Cir. 1984), "'[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a),'" which "should be used to expedite trial and eliminate unnecessary repetition and confusion." *Id*. at 1036 (quoting *Thomas v. Deason*, 317 F. Supp. 1098, 1099 (W.D. Ky. 1970)). Indeed, the policy favoring consolidation in such circumstances is so strong that no motion is even required: "the court may invoke Rule 42(a) *sua sponte*." *Id*.

Consolidation of tort lawsuits is appropriate even in circumstances in which (unlike here) there are more than two plaintiffs, and the facts bearing on the liability of defendants are not identical. For example, *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985), upheld consolidation of the cases of four asbestos workers who had been exposed at different job sites, whose risk factors from other sources varied. Brushing aside the factual differences in the lawsuits, which the jury had been carefully guided to focus on, the Eleventh Circuit concluded that "the court's pretrial ruling to consolidate these cases was entirely reasonable," *id*. at 1496, explaining that the cases involved "precisely the kind of tort claims a court should consider consolidating for trial," and noting that the "joint trial saved the [defendants] from wasteful relitigation, avoided duplication of judicial effort, and did not materially prejudice [defendants'] rights." *Id*. at 1497.

The same considerations govern here. The benefits of consolidation of these cases which will accrue at the pretrial stage, summarized by Defendants, are real, but relatively minor: avoidance of the need of the parties to file duplicative motions

and responses, and make duplicative discovery filings, and avoidance of the need for this Court to file duplicative orders addressing the same matters in each case. The main benefit of consolidation will be, as in *Hendrix*, the avoidance of *more than one trial*. Given the scope of this litigation, it seems apparent that if these cases do not settle short of trial, any trial will likely be a lengthy affair. Given that these cases are essentially identical except for the particular damages suffered by Buffalo and Rochester, it would make no sense for this Court to conduct one trial lasting weeks, perhaps months, focused on evidence of wrongdoing by the Defendants, followed by a second trial repeating the same evidentiary presentation.

Apart from a concern about wasteful relitigation and duplication of judicial effort (and also the unnecessary burden on the panel of jurors forced to sit through a second trial) posed by Defendants' suggestion that these cases should be consolidated only for pretrial purposes, this Court should also take note of the risk of inconsistent adjudications that would be entailed by a failure to consolidate for all purposes (which Defendants acknowledge as a relevant factor, *see* Def. Mem. at 4). If this Court were to hold a trial first on the claims of one Plaintiff, followed by a trial on the identical claims of the other Plaintiff, there is a possibility that the separate juries could reach opposite results, on the exact same facts, concerning the liability of Defendants. Such a result might well undermine the public's confidence in the sound administration of justice. There is no reason to take such a risk.

## Conclusion

Plaintiff respectfully requests that the Court decline Defendants' suggestion (Def. Mem. at 2 n.1) that the matter of consolidating the cases for *all* purposes be deferred. It is well established that in a situation such as the one presented by these two essentially identical cases brought by two plaintiffs against the same defendants, the cases should be consolidated for *all* purposes. If that is the result this Court finds appropriate given the present circumstances, the Court should issue an order to that effect now, so that the parties can carry out the litigation with advance knowledge that a joint trial is planned. If circumstances were to change significantly enough that the matter should be revisited, any party would of course be free to file a motion under Rule 42(b) seeking separate trials.

May 26, 2023                                   Respectfully submitted,

*/s/ Salvatore C. Badala*
Salvatore C. Badala
Shayna E. Sacks
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, New York 11747
SBadala@NapoliLaw.com
SSacks@NapoliLaw.com

Paul J. Napoli
Hunter J. Shkolnik
NAPOLI SHKOLNIK
1302 Avenida Ponce de León,
Santurce, Puerto Rico 00907
Phone: (347) 379-1688
PNapoli@NSPRlaw.com
Hunter@NSPRlaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 26, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF.

<u>*/s/ Salvatore C. Badala*</u>
Salvatore C. Badala