UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

The City of Buffalo,

                              Plaintiff,

                                                      Case # 23-CV-66-FPG

v.
                                                      DECISION AND ORDER

Smith & Wesson Brands, Inc., *et al.*,

                              Defendants.

The City of Rochester,

                              Plaintiff,

                                                      Case # 23-CV-6061-FPG

v.
                                                      DECISION AND ORDER

Smith & Wesson Brands, Inc., *et al.*,

                              Defendants.

## INTRODUCTION

In these related actions, the Cities of Buffalo and Rochester (together, "Plaintiffs") seek to hold various firearm manufacturers and distributors liable for their alleged actions in causing gun violence within Plaintiffs' communities.  Currently before the Court are Defendants' motions to (1) stay the actions and (2) consolidate the actions for pretrial purposes only.  No. 23-CV-66, ECF Nos. 93, 109; No. 23-CV-6061, ECF No. 94, 111).[1]  For the reasons that follow, Defendants' motions are GRANTED.

## DISCUSSION

### I.   Motions to Consolidate

Defendants move to consolidate the two actions "for pre-trial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure."  ECF No. 111-1 at 1.  Plaintiffs agree that

---

[1] For ease of reference, and because the submissions in both actions are largely identical, the Court will cite the filings in No. 23-CV-6061.

consolidation is appropriate, though they argue that the actions should be consolidated "for *all* purposes," including trial.  ECF No. 117 at 2.  Defendants reply that they are not necessarily "oppose[d] [to] consolidating the cases for purposes of trial," only that "such issue should be deferred" until a "future date."  ECF No. 118 at 1-2 & n.1.

Rule 42 provides:

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(1)-(3).  Consolidation "need not be only for trial" but may "also [be] appropriate at the pretrial stage."  *Globe Indem. Co. v. J.T. Falk & Co.*, No. 91-CV-271, 1991 WL 243375, at *1 (S.D.N.Y. Nov. 8, 1991) (citing, *inter alia*, 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2382, at 257 (1971)); *see also Borough of Edgewater v. Waterside Constr., LLC*, No. 14-CV-5060, 2017 WL 1758062, at *2 (D.N.J. May 3, 2017) ("Rule 42(a) contemplates consolidation for pretrial purposes only.").

Given that these actions are "essentially identical," ECF No. 117 at 4; *see also* ECF No. 111-1 at 1, the Court agrees with the parties that consolidation is appropriate for pretrial purposes. The Court further agrees with Defendants that consolidation for purposes of trial need not be decided at this juncture.  At this early stage—before discovery and substantive motion practice—it is unclear whether a joint trial will be appropriate.  The issue is better addressed later in the litigation.  Accordingly, Defendants' motions to consolidate for pretrial purposes only are granted.

## II.      Motions to Stay

Plaintiffs bring four claims against Defendants: (1) violation of General Business Law § 898-a through -e; (2) common-law public nuisance; (3) violation of General Business Law § 349; and (4) violation of General Business Law § 350.  ECF No. 1-3 at 196-205.  The statute underlying Plaintiffs' first claim is at issue in separate litigation pending before the Second Circuit: *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374.  In *National Shooting*, a number of federal firearms licensees that manufacture and/or sell firearms are challenging the constitutionality of Section 898-a through -e.  The appeal is fully briefed and is awaiting oral argument.

Defendants argue that, because the "Second Circuit will be addressing the constitutionality of Section 898-a-e, and will likely clarify other material issues of law at issue in this case, this Court should stay further proceedings pending that decision." ECF No. 94-1 at 2.  Plaintiffs oppose the motions.  ECF No. 102.

"This Court has authority to stay proceedings pending disposition of another case that could affect the outcome."  *Hoover v. HSBC Mortg. Corp. (USA)*, No. 13-CV-149, 2014 WL 12781322, at *2 (N.D.N.Y. July 9, 2014).  In deciding whether to grant a stay, courts in this Circuit consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant[]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citations omitted). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.* Having considered the relevant factors, the Court concludes that a stay of the actions is appropriate.

The Court views the efficient use of the parties' and the Court's time and resources as a significant consideration weighing in favor of a stay.  The Second Circuit's decision in *National Shooting* will likely provide helpful guidance on the constitutionality and applicability of Section 898-a through -e, which is one of Plaintiff's central claims in this litigation.  The issues raised in that appeal have been the subject of extensive briefing, both by the parties and by dozens of *amici*.  While the parties dispute the potential scope of any ruling by the Second Circuit, *see* ECF No. 102 at 3-7, ECF No. 109 at 3-4, it is likely that a decision will provide at least *some* guidance to the Court and to the parties regarding the interpretation of this recently enacted statute and its relationship to the federal Protection of Lawful Commerce in Arms Act.  *See generally Nat'l Shooting Sports Found., Inc. v. James*, 604 F. Supp. 3d 48 (N.D.N.Y. 2022).  It would be "an inefficient use of time and resources" for the Court and the parties to tread the same ground shortly in advance of a binding "Second Circuit decision that [may] significantly impact this litigation." *Hoover*, 2014 WL 12781322, at *2.  Indeed, proceeding with motion practice now would likely entail two rounds of briefing: one round of initial briefing, and, once the Second Circuit resolves the appeal, another round of supplemental briefing on the import of its decision.  Such a duplicative exercise would not constitute a prudent use of public or private resources.  *Accord McCracken v. Verisma Sys., Inc.*, No. 14-CV-6248, 2020 WL 6280939, at *8 (W.D.N.Y. Oct. 27, 2020) (collecting cases).  For these reasons, Defendants' interests, the Court's interests, the interests of non-parties, and the public interest favor a stay.  *See Hoover*, 2014 WL 12781322, at *2.

The only potentially countervailing factor is the prejudice to Plaintiffs (and the communities they represent).  Plaintiffs argue that any delay is highly prejudicial insofar as it would allow the "epidemic of gun violence" to continue in their communities unabated.  ECF No. 102 at 10.  Plaintiffs believe that Defendants' wrongful conduct is in part to blame for this

4

epidemic, and they seek to prevent "needless deaths and injuries" by forcing Defendants to "adopt more responsible business practices." *Id.*  Thus, "[e]ach day of delay in the resolution of this lawsuit is another day in which the lives and well-being of [Plaintiffs'] citizens . . . will remain at elevated risk" of gun violence. *Id.*

The tragic loss of life wrought by gun violence, and the corresponding impact on our communities, is a matter of the utmost importance.  But the Court cannot overlook that Plaintiffs are not seeking equitable relief—preliminary or otherwise—to bar Defendants' allegedly unlawful practices.  Plaintiffs only seek monetary relief for their claims, which may take several more years of litigation to recover even absent a stay.  *See* ECF No. 1-3 at 206-07.  Plaintiffs' assertion that a delay of several months would cause "extreme" prejudice is thus belied by the kind of relief they have chosen to seek.  ECF No. 102 at 10.  Moreover, while courts recognize that plaintiffs seeking money damages have a strong interest in "recovering their losses as soon as possible," the additional monetary harm resulting from a stay can be remedied by "pre-judgment interest" and therefore that interest does not strongly militate against a stay.  *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016).

In sum, the Court concludes that a stay is warranted pending the Second Circuit's resolution of *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374.

## CONCLUSION

For the foregoing reasons, Defendants' motions to stay (No. 23-CV-66, ECF No. 93; No. 23-CV-6061, ECF No. 94) are GRANTED.  This matter is stayed pending the Second Circuit's resolution of *National Shooting Sports Foundation, Inc. v. James*, No. 22-1374.  Defendants shall notify the Court within seven days of the Second Circuit's decision on the appeal.  Defendants' motions to consolidate (ECF No. 23-CV-66, ECF No. 109; No. 23-CV-6061, ECF No. 111) are GRANTED.  These actions (No. 23-CV-66 and No. 23-CV-6061) are consolidated for pretrial

purposes only.  No. 23-CV-6061 is designated as the lead case, and all future filings pertinent to these actions shall be made in No. 23-CV-6061 only.  The parties' stipulated submission schedule (No. 23-CV-6061, ECF No. 71) remains in effect.

IT IS SO ORDERED.

Dated: June 8, 2023
          Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York